**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------------------X

CURRICULUM ASSOCIATES, LLC,              :

                                                 :

                   Plaintiff,         :      Case No.:

                                               :

vs.                                      :

                                             :

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,  :      **COMPLAINT**
an agency of the United States Government, and LAURA  :
B. ZUCHOWSKI, Director, United States Citizenship    :
and Immigration Services, Vermont Service Center,    :

                                             :

                  Defendants.       :

---------------------------------------------------------------------------X

## INTRODUCTION

1. This is an action brought by Curriculum Associates, LLC ("Curriculum Associates" or "Petitioner") pursuant to section 10 of the Administrative Procedures Act, 5 U.S.C. § 702, *et seq.*, seeking review of a decision of the defendant, U.S. Citizenship & Immigration Services ("USCIS" or "Defendant"), dated August 30, 2019, denying arbitrarily, capriciously and not in accordance with law, Curriculum Associates' petition to classify Ms. Keerthi Kambhampati (hereinafter "Ms. Kambhampati" or the "Beneficiary") as an H-1B nonimmigrant under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(b) (the "Denial").

2. Defendant's denial of Curriculum Associates' petition to classify Ms. Kambhampati as an H-1B nonimmigrant (the "Petition") was arbitrary and capricious for several reasons.

3. First, Ms. Kambhampati was previously granted F-1 STEM OPT status (defined below) by the Defendant with respect to her employment by Curriculum Associates as a Senior

Quality Assurance Engineer. Pursuant to this status, Ms. Kambhampati worked at Curriculum Associates in the role of Senior Quality Assurance Engineer between May 14, 2017, and May 13, 2019. *See* Petition, CA 0036-37. In order to grant F-1 STEM OPT status, USCIS determined not only that Ms. Kambhampati obtained a STEM degree, but also that the role of Senior Quality Assurance Engineer at Curriculum Associates was sufficiently related to her STEM degree to qualify for F-1 STEM OPT status. It is arbitrary and capricious for USCIS to now deny the Petition for Ms. Kambhampati to work as a Senior Quality Assurance Engineer at Curriculum Associates when it previously granted her F-1 STEM OPT status for that same position.

4. Second, USCIS previously approved numerous H-1B petitions filed by Curriculum Associates, on behalf of other individuals employed in the role of Senior Quality Assurance Engineer:

- March 7, 2017: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Kameswara Rao Srin Akella. Petition, CA 0143-144.

- March 14, 2017: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Archana Subhash Mantri. *Id.* at CA 0127-128.

- July 31, 2018: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Rakesh Guruvina. *Id.* at CA 0101-102.

- August 31, 2018: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Sowmya Samprathi. *Id.* at CA 0113-114.

- October 26, 2018: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Mahendran Athiappan. *Id.* at CA 0172-173.

5. Notably, USCIS approved each of the aforementioned petitions without even requesting additional evidence from Curriculum Associates.

6.    In the Denial, USCIS did not explain why it denied the Petition when it had previously approved the five above-referenced petitions for H-1B visas, filed by the same company (Curriculum Associates) for individuals employed in the same position (Senior Quality Assurance Engineer).

7.    USCIS's Denial was also arbitrary and capricious because it erroneously: (i) ignored the expert report submitted by Curriculum Associates; (ii) failed to consider Curriculum Associates' hiring history; and (iii) failed to consider evidence that the position of Senior Quality Assurance Engineer normally requires a degree in a specific specialty.

8.    Curriculum Associates respectfully requests that this Court vacate the decision of USCIS, dated August 30, 2019, denying Curriculum Associates' petition to classify Ms. Kambhampati as an H-1B nonimmigrant under section 101(1)(15)(H)(i)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(b), on the grounds that the denial is arbitrary, capricious, and not in accordance with the law; order USCIS to grant the Petition; and grant such other relief at law and in equity as justice may require.

## **PARTIES**

9.    Curriculum Associates is a rapidly growing education company committed to making classrooms better places for teachers and students.  Curriculum Associates' award-winning products provide teachers and administrators with flexible resources that deliver meaningful assessments and data-driven, differentiated instruction for children. Curriculum Associates' programs are designed based on the principle that when students take ownership of their learning, they progress at a faster rate and are motivated to achieve.  Curriculum Associates

is a Massachusetts limited liability company that employs more than 1,000 people, with its principal place of business in North Billerica, Massachusetts.

10.     Ms. Kambhampati is a native and citizen of India, who was lawfully employed by Curriculum Associates between May 14, 2017 and May 13, 2019 as a Senior Quality Assurance Engineer, pursuant to her valid F-1 STEM OPT status. On March 29, 2019, Curriculum Associates petitioned for an H-1B visa for Ms. Kambhampati, so that she could be employed in the full-time specialty occupation of Senior Quality Assurance Engineer for the period from October 1, 2019 to September 1, 2022, at a salary of $109,233.97.  A copy of Curriculum Associates' Petition is attached as **Exhibit A**.[1/]

11.     USCIS is an agency of The United States Department of Homeland Security, with its principal office in the District of Columbia.  The actions taken by USCIS that are challenged in this action were taken by the Vermont Service Center, in Saint Albans, Vermont.  The Vermont Service Center is the designated USCIS office authorized to receive and adjudicate H-1B petitions filed by employers in the Commonwealth of Massachusetts.

12.     The defendant, Laura B. Zuchowski, is the director of the USCIS Vermont Service Center and a resident, for official purposes, of Vermont. Defendant Zuchowski is named in her official capacity only.

**JURISDICTION**

13.     This is a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*., and the Administrative Procedures Act, 5 U.S.C. § 701,

---

[1/]     For the Court's convenience, the Petition has been stamped with Bates Labels CA 0001 through CA 0210. Citations to the Petition and its exhibits will be referred to by the Bates Label affixed to the referenced page.

*et seq*. Original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331, as well as 28 U.S.C. § 1346(a)(2).

## VENUE

14.     Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District Court for the District of Massachusetts.  Curriculum Associates' business is headquartered in North Billerica, Massachusetts, and it regularly transacts business there.

## EXHAUSTION OF REMEDIES

15.     Although 8 C.F.R. § 214.2(h)(10)(ii) provides that denial of a petition for classification under section 101(a)(15)(H) of the Immigration and Nationality Act may be appealed to the Administrative Appeals Office under 8 C.F.R. part 103, neither this Act nor the governing regulations provide that such an appeal is a prerequisite for judicial review. Accordingly, taking such an appeal is not a prerequisite to Curriculum Associates' action for review under section 10 of the Administrative Procedures Act. *See Darby v. Cisneros*, 509 U.S. 137, 153-54 (1993); *see also Young v. Reno*, 114 F. 3d 879, 881 (9th Cir. 1997).

## STATEMENT OF FACTS

**I.     Ms. Kambhampati Obtained F-1 STEM OPT Status from USCIS to be Employed by Curriculum Associates as a Senior Quality Assurance Engineer.**

16.     Foreign non-immigrant students, who have an F-1 visa and who have earned a bachelor's, master's, or doctoral degree in certain science, technology, engineering, and mathematics ("STEM") fields from an accredited and Student-Exchange-Visitor-Program-certified school, may apply for a 24-month extension of their optional practical training ("OPT"). Employment must be directly related to the student's major area of study. *See* 8 C.F.R. Part 214.

5

17.    In order for an individual to receive F-1 STEM OPT status, the individual and prospective employer must file a Form I-983, in which the employer must certify, among other things, that:

- The student's practical training opportunity is directly related to the STEM degree that qualifies the student for the STEM OPT extension, and the position offered to the student achieves the objectives of his or her participation in this training program; and

- The student on a STEM OPT extension will not replace a full- or part-time, temporary or permanent U.S. worker. The terms and conditions of the STEM practical training opportunity—including duties, hours, and compensation—are commensurate with the terms and conditions applicable to the employer's similarly situated U.S. workers or, if the employer does not employ and has not recently employed more than two similar situated U.S. workers in the area of employment, the terms and conditions of other similarly situated U.S. workers in the area of employment.[2]

18.    On or about May 14, 2017, USCIS granted Ms. Kambhampati F-1 STEM OPT status, so that she could work at Curriculum Associates as a Senior Quality Assurance Engineer. A copy the Employment Authorization Card, issued by USCIS to Ms. Kambhampati, was included in the Petition. *See* Petition, CA 0036-37.  Copies of Ms. Kambhampati's Earning Statements from Curriculum Associates, for the period of February 16, 2019 through March 15, 2019, were included in the Petition. *See id.* at CA 0059-60.

19.    In its Petition, Curriculum Associates notified USCIS that it had previously approved Ms. Kambhampati through the F-1 STEM OPT program to work for Curriculum Associates: "[Ms. Kambhampati] is currently employed by Curriculum Associates, LLC, in the instant position [of Senior Quality Assurance Engineer] since the conclusion of her degree program, pursuant to her valid F-1 STEM OPT status." *Id.* at CA 0030.

---

[2]    A blank Form I-983 is attached as **Exhibit B**.

6

20.     USCIS's Denial did not explain whether it considered its prior approval of Ms. Kambhampati's request for F-1 STEM OPT status when it denied the Petition.

## II.     On March 29, 2019, Curriculum Associates Petitioned for an H-1B Visa for Ms. Kambhampati.

21.     On March 29, 2019, Curriculum Associates filed a petition for Nonimmigrant Worker (Form I-129), with USCIS seeking to obtain an H-1B visa for Ms. Kambhampati so that it could employ her in the full-time specialty occupation of Senior Quality Assurance Engineer, for the period from October 1, 2019 to September 1, 2022, at a salary of $109,233.970 (previously defined as the "Petition," and attached as Ex. A).

22.     Curriculum Associates explained in its Petition that the position of Senior Quality Assurance Engineer for Curriculum Associates required Ms. Kambhampati (or any other applicant) to "be responsible for designing, developing, and executing quality assurance test plans to identify software problems and their causes for our enterprise wide multi-tiered software solutions within an Agile SDLC environment," and to "continuously deliver high quality SaaS to ensure increased product use." Petition, CA 0026-27. More specifically, the Senior Quality Assurance Engineer's responsibilities include: (a) "Test web applications from front end to back end with working knowledge of several related technologies (HTML, XML, CSS, Java Script, HTTP, SSL, REST, Web Browsers, Flash, JEE, Web Services, Application Servers)"; (b) "Develop high level test plans for products from which lower level test plans can be defined and assigned to others for development"; (c) "Responsible for test management, test development, and/or test processes"; (d) "Work with the development team to understand new product features for the purpose of designing and developing test cases"; (e) "Design and contribute quality

7

requirements for software test plans"; and (f) "Provide technical training on CA specific automation technology to junior team members." *Id.* at CA 0027-28.

23.    Curriculum Associates further explained in its Petition that the minimum requirement for the position of Senior Quality Assurance Engineer was "a Bachelor's degree (or foreign equivalent) in Computer Science, Information Technology, or a closely related field and relevant experience." *Id.* at CA 0028.

24.    Ms. Kambhampati is qualified for the position of Senior Quality Assurance Engineer at Curriculum Associates. She was awarded a Master's of Science in Computer Science from The University of Massachusetts Lowell, and earned a Bachelor of Information Technology from the Jawaharlal Nehru Technological University in Hyderabad, India. *Id.* at CA 0029-30. Ms. Kambhampti's degree from the Jawaharlal Nehru Technological University was independently evaluated to be the equivalent of a U.S. Bachelor's degree in Information Technology. *Id.* at CA 0197-203.

## III.    USCIS Requested Additional Evidence from Curriculum Associates to Support Its Petition.

25.    On May 28, 2019, USCIS responded to the Petition by requesting that Curriculum Associates submit additional evidence (the "Request for Evidence," attached as **Exhibit C**). In the Request for Evidence, USCIS stated that Curriculum Associates failed to satisfy the requirements necessary for USCIS to issue an H-1B visa for several reasons.

26.    USCIS stated that Curriculum Associates submitted insufficient evidence to demonstrate that the degree required for the position of Senior Quality Assurance Engineer was a bachelor's degree or higher in a specific field of study. *See* Request for Evidence, 2.

8

27.    USCIS stated that Curriculum Associates did not provide sufficient evidence to establish that it is common in the industry for the position of Senior Quality Assurance Engineer, or parallel positions in similar organizations, to require a bachelor's degree or higher in a specific specialty. *See* Request for Evidence, 2-3.

28.    USCIS stated that the evidence submitted by Curriculum Associates was insufficient to establish that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty or its equivalent.    USCIS stated that the "job duties, as described, do not appear to be of such complexity or uniqueness as to require the attainment of a bachelor's degree in a specific specialty that consisted of theoretical and practical application of a body of highly specialized knowledge," and that Curriculum Associates "did not sufficiently identify any tasks that are so complex or unique or provide sufficient explanation of why only an individual with a degree in a specific specialty could perform them." Request for Evidence, 3. USCIS did not substantiate its statements by referring to the specific job duties listed in the Petition.

29.    Notwithstanding the fact that Curriculum Associates submitted evidence with its Petition that USCIS had approved prior H-1B petitions for people employed as Senior Quality Assurance Engineers, USCIS stated that the evidence submitted by Curriculum Associates was insufficient to establish that it normally requires a bachelor's degree or higher in a specific specialty for the position. *See* Request for Evidence, 4.

30.    Defendant's determination that Curriculum Associates failed to submit sufficient evidence to satisfy the criteria necessary to obtain an H-1B visa for Ms. Kambhampati was arbitrary and capricious.

**IV.    Curriculum Associates Responds to the Request for Evidence.**

31.    On August 16, 2019, Curriculum Associates submitted a response to the Request for Evidence (the "Response to the Request for Evidence," attached as **Exhibit D**).[3/]

32.    In the Response to the Request for Evidence, Curriculum Associates provided additional proof that the Senior Quality Assurance Engineer position satisfied at least one of the following criteria: (1) a Bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the position; (2) the particular position is so complex or unique that it can be performed only by an individual with a Bachelor's degree or higher in a specific specialty, or its equivalent; (3) the employer normally requires a degree or its equivalent for the position; or (4) the nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate degree or higher. *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(1)-(4).

33.    Although evidence sufficient to satisfy any one of the aforementioned regulatory preconditions would have been sufficient to warrant the issuance of the Petition, Curriculum Associates submitted evidence sufficient to satisfy each one. *See* 8 C.F.R. § (h)(4)(iii)(A) ("To qualify as a specialty occupation, the position must meet one of the following criteria").

34.    In order to establish the regulatory requirement that a baccalaureate or higher degree is normally the minimum requirement for entry into the position of Senior Quality Assurance Engineer, Curriculum Associates submitted the O*NET Summary Report for Software Quality Assurance Engineers and Testers (15-1199.01). *See* Response to Request for

---

[3/]    For the Court's convenience, the Response to the Request for Evidence has been stamped with Bates Labels CA 0211 through CA 0356. Citations to the Response to the Request for Evidence and its exhibits will be referred to by the Bates Label affixed to the referenced page.

Evidence, CA 0327-331; *see also* 8 C.F.R. § 214.2(h)(4)(iii)(A)(1).   The O*NET Summary Report states: "Most of these occupations require a four-year bachelor's degree, but some do not."  *Id.* at CA 0329.  According to O*NET, 70% of individuals employed in this position hold a bachelor's degree, and 7% have a graduate degree. *Id.*

35.    Notably, in its Request for Evidence, USCIS stated:

USCIS routinely references information provided in the U.S. Department of Labor's *Occupational Outlook Handbook (OOH)* which discusses the educational prerequisites for positions. However, the Computer Occupations, All Other listing in the *OOH* [that Curriculum Associates identified in the Petition] is a general category of occupations encompassing a variety of positions listed within this category. Therefore, USCIS is unable to determine if the particular position requires a minimum of a bachelor's degree in a specific specialty or its equivalent.

Request for Evidence, 2.

36.    For the purpose of addressing this statement by USCIS, Curriculum Associates explained in its Response to the Request for Evidence that the U.S. Department of Labor has previously instructed that "when any contradiction between the O*NET information and the OOH occurs, the O*NET information will take precedence." Response to the Request for Evidence, CA 0220 (citing DOL FAQs on Prevailing Wage Determinations for Combinations of Occupations, February 6, 2013).  Thus, as explained in the Response to the Request for Evidence, here, where the OOH provides insufficient information for USCIS to determine if a baccalaureate or higher degree is normally the minimum requirement for entry into the position of Senior Quality Assurance Engineer but O*NET states that such a degree normally is the minimum requirement, O*NET will control. *See id.*

37.    In further support for its position that the Senior Quality Assurance Engineer position requires a bachelor's degree in a specific specialty, Curriculum Associates submitted the

11

opinion of Dr. David M. Bellehsen, Associate Professor, Department of Computer Systems Technology, The New York City College of Technology/City University of New York. The opinion from Professor Bellehsen also satisfies the second and fourth prongs of the applicable regulation – that the Senior Quality Assurance Engineer position is so complex or unique that it can be performed only by an individual with a bachelor's degree, and that the nature of the specific duties is so specialized and complex that the knowledge required to perform the duties is usually associated with the attainment of a baccalaureate degree or higher. *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(2) and (4). Professor Bellehsen opined, in part:

> The requisite job duties are highly specialized and cannot possibly be handled by an individual with a degree in a field that does not encompass the analytical, technical, and quantative aspects of Computer Science, Information Technology, or a related field.

Response to the Request for Evidence, CA 0219, 0267.

38.    In further support of the second regulatory requirement, Curriculum Associates cited Professor Bellehsen's opinion:

> [T]he position of Senior Quality Assurance Engineer involves highly specialized job duties in the sophisticated and complex fields of quality assurance testing, defect management, data management, and documentation. It is incontrovertible that such activities could be performed only by an individual with a highly computational, analytical, and quantitative academic background in a technical field of study such as Computer Science, Information Technology, or a related field. A position such as the Senior Quality Assurance Engineer position herein involving such sophisticated, quantitative job duties necessarily requires the prior fulfillment of at least a bachelor's degree in one of the specialized fields specified above.

*Id.* at CA 0265.

39.    In order to satisfy the third regulatory requirement—that the employer normally requires a degree or its equivalent for the position—Curriculum Associates stated under the pains

12

and penalties of perjury that it has "an established practice of hiring only individuals with a baccalaureate degree or higher in Computer Science, Information Technology, or a closely related field," and further stated that "[a]ll of our Senior Quality Assurance Engineers possess at least a Bachelor's degree (or foreign equivalent) in Computer Science, Information Technology, or a closely related field, or the equivalent experience." Response to the Request for Evidence, CA 0222; *see also* 8 C.F.R. § 214.2(h)(4)(iii)(A)(3). Curriculum Associates supported its statement with a chart of the educational qualifications of five individuals employed at that time as Senior Quality Assurance Engineers. *Id.*

40.     The fourth regulatory requirement is that the nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a bachelor's degree or higher. *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(4). Curriculum Associates satisfied this requirement by providing an expert opinion from Dr. David M. Bellehsen, Associate Professor, Department of Computer Systems Technology, The New York City College of Technology/City University of New York.  Dr. Bellehsen opined:

> The position of Senior Quality Assurance Engineer with Curriculum Associates is a highly technical professional position that incorporates concepts of several complex disciplines and necessarily requires the prior completion of a bachelor's-degree program in Computer Science, Information, or a related field.

*Id.* at CA 0213-214, 0265.

41.     Curriculum Associates also provided a detailed description of each task that a Senior Quality Assurance Engineer would be required to perform, and the coursework that would provide the necessary education to complete such tasks. *See* Response to the Request for Evidence, CA 0215-218.

13

V.      **USCIS Denies Curriculum Associates' Petition.**

42.     On August 30, 2019, USCIS issued its decision denying the Petition (previously defined as the "Denial").  The Denial is attached as **Exhibit E**.

43.     In short, USCIS decided that Curriculum Associates had not satisfied the requirement that the position of Senior Quality Assurance Engineer qualified as a "specialty occupation" under any of the four prongs of  8 C.F.R. § 214.2(h)(4)(iii)(A)(1-4).  *See*, *generally*, Denial.  The Denial is flawed.  It was arbitrary, capricious, and not in accordance with law.

A.      **USCIS Arbitrarily and Capriciously Held that a Baccalaureate Degree in a Specific Filed of Study Is Not the Minimum Educational Requirement for a Senior Quality Assurance Engineer at Curriculum Associates.**

44.     USCIS first held that the position of Senior Quality Assurance Engineer is not a specialty occupation.  This decision was arbitrary and capricious, because it misconstrued or ignored the O*NET Summary Report attached to Curriculum Associates' Response to the Request for Evidence, and ignored its prior determination granting F-1 STEM OPT status to Ms. Kambhampati for the position of Senior Quality Assurance Engineer at Curriculum Associates.

45.     Specifically, USCIS erroneously concluded that O*NET "is not designed to assess the specialty occupation status of either occupations or particular positions within them," and "makes no reference to a degree requirement in a specific specialty." Denial, 4.  The O*NET Summary Report explains that the knowledge required for a Senior Quality Assurance Engineer includes: "Knowledge of circuit boards, processors, chips, electronic equipment, and computer hardware and software, including applications and programming," and "[k]nowledge of arithmetic, algebra, geometry, calculus, statistics, and their applications." Response to Request

14

for Evidence, CA 0328.   The O*NET Summary Report continues by stating that 70% of respondents in the position of Senior Quality Assurance Engineer hold a bachelor's degree, 15% hold an associate's degree, and 7% hold a post-secondary certificate. *Id.* at CA 0329.

46.    O*NET is the primary source of occupational information in the United States.  It was developed under the sponsorship of the U.S. Department of Labor.  USCIS should have afforded more weight to O*NET's assessment that a bachelor's degree is normally required for the Senior Quality Assurance Engineer.

47.    Furthermore, it was arbitrary and capricious for USCIS to conclude that there was insufficient evidence to determine that a "bachelor's degree in a specific specialty" is normally the minimum requirement for the position of Senior Quality Assurance Engineer, because USCIS previously reached the opposite conclusion when it granted Ms. Kambhampati's F-1 STEM OPT status for the same position.

**B.    USCIS's Decision to Ignore the Expert Report of Professor Bellehsen Was Arbitrary, Capricious, and Not in Accordance with Law.**

48.    USCIS rejected the expert opinion of Professor Bellehsen, refusing to consider it for any purpose.  Denial, 5.  USCIS held that Professor Bellehsen "concludes that his assessment is based upon a job description of the offered position," but that "he does not demonstrate an in-depth knowledge of your operations or how the duties of the offered position would actually be performed in the context of your business enterprise."  Denial, 5.  This part of USCIS's determination ignored that Professor Bellehsen stated the basis for his opinion included:

> [R]eview of extensive documentation pertaining to the position of Senior Quality Assurance Engineer with Curriculum Associates and the academic credentials of Ms. Kambhampati. The documentation includes copies of a letter from Curriculum Associates outlining the job duties of the position and the required

15

educational background for a candidate to hold the position; a supplemental, detailed job description issued by Curriculum Associates outlining the percentage of time to be spent by Ms. Kambhampati on particular job duties; and the academic documentation of the candidate. This expert opinion letter also is based on research regarding the issues discussed herein and my vast experience in the fields of Computer Science, Mathematics, and Information Systems, as well as the evaluation of professional computer-related positions of employment.

Response to the Request for Evidence, CA 0261-62.

49.    USCIS did not state what additional information Professor Bellehsen should have considered, or why the information described in his opinion was insufficient.

50.    USCIS further stated that it rejected the opinion of Professor Bellhesen because there was "no statistical evidence or other documentation to support the professor's findings and does not explain how the conclusions about the position were reached." Denial, 5.  USCIS's was wrong on this point.  Professor Bellehsen identified that he reached his conclusion after considering the responsibilities for Senior Quality Assurance Engineers, as required by Curriculum Associates, in the context of his extensive academic and professional experience, which are detailed in his opinion. Response to the Request for Evidence, CA 0261-62.

51.    USCIS acted in an arbitrary and capricious manner, and not in accordance with the law, when it refused to consider the opinion of Professor Bellehsen.

### C.    The Failure to Consider Evidence that Curriculum Associates Normally Requires Senior Quality Assurance Engineers to Hold a Bachelor's Degree or Its Equivalent Was Arbitrary and Capricious.

52.    Curriculum Associates submitted two types of information to prove that it normally requires at least a bachelor's degree in Computer Science, Information Technology, or a related field, for the position of Senior Quality Assurance Engineer.  *See* 8 C.F.R. 214.2(h)(4)(iii)(A)(3).

16

53.     First, Curriculum Associates submitted information concerning five prior Senior Quality Assurance Engineers for whom USCIS issued H-1B visas:

- March 7, 2017: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Kameswara Rao Srin Akella. Petition, CA 0143-144.

- March 14, 2017: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Archana Subhash Mantri. *Id.* at CA 0127-128.

- July 31, 2018: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Rakesh Guruvina. *Id.* at CA 0101-102.

- August 31, 2018: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Sowmya Samprathi. *Id.* at CA 0113-114.

- October 26, 2018: USCIS approved the H-1B petition filed by Curriculum Associates on behalf of Mahendran Athiappan. *Id.* at CA 0172-173.

54.     While USCIC acknowledged that Curriculum Associates provided the I-797 (H-1B approval) for each above-referenced individual, and that each above-referenced individual had at least a bachelor's degree, USCIS stated that the information supplied by Curriculum Associates was insufficient, because "the I-797 does not demonstrate that an individual was actually hired or compensated for a position within your company." Denial, 6.  The rejection of Curriculum Associates' evidence is inexplicable.  It does not matter whether the prior recipients of H-1B visas were actually employed by Curriculum Associates (although they were); the operative facts are that USCIS previously approved petitions for H-1B visas for the *same position* at the *same employer* within the past three years.

55.     Second, in response to the Request for Evidence, Curriculum Associates provided a list of additional employees who were employed in the position of Senior Quality Assurance Engineer, and their educational qualifications.  USCIS refused to consider this information

17

because Curriculum Associates did not provide financial documentation to show that the individuals had been compensated for performing duties in the Senior Quality Assurance Engineer position. *See* Denial, 6.

56.    USCIS rejection of Curriculum Associates' submission was flawed. USCIS ignored the fact that Curriculum Associates submitted its Petition and Response to the Request for Evidence subject to pains of criminal prosecution if the forms were knowingly false. *See* Petition, CA 0018 ("I certify, under the penalty of perjury, that I have reviewed this petition and that all of the information contained in the petition, including all responses to specific questions, and in the supporting documents, is complete, true, and correct."). As such, USCIS should not have assumed that Curriculum Associates was lying about who it employs. *See* Denial, 5. There was no basis for discrediting Curriculum Associates' statements.

> **D.    USCIS Failed to Consider Evidence that the Nature of the Specific Duties of the Senior Quality Assurance Engineer Position Are so Specialized and Complex that Knowledge Required to Perform the Duties Is Usually Associated with the Attainment of a Bachelor's Degree or Higher.**

57.    Curriculum Associates submitted a four-page description of the responsibilities required to be performed by its Senior Quality Assurance Engineers, and paired each responsibility with the special and complex knowledge required to perform it. *See* Response to the Request for Evidence, 0215-18. For example only, Curriculum Associates identified that the responsibility of "[t]est[ing] web applications form front end to back end with working knowledge of several related technologies" would consume 25% of the Senior Quality Assurance Engineer's time. *Id.* at CA 0215. Curriculum Associates explained that a "bachelor's degree in Computer Science, Information Technology, or a closely related field confers the requisite

18

theoretical knowledge" for this work, and that relevant courses would include, among other classes, "Mathematical Foundation of Computer Science; Advanced Data Structures and Algorithms; Digital Logic Design; Unix & Shell Programming . . . ." *Id.* Curriculum Associates performed a similar comparison for the six other job duties of its Senior Quality Assurance Engineers.

58.     USCIS ignored the vast majority of Curriculum Associates' submission, simply stating that "[w]hile the proposed duties may include familiarity and experience with different technological platforms and/or applications, you have not described with sufficient detail how they are more specialized and complex than those of other Senior Quality Assurance Engineer positions that are not usually associated with at least a bachelor's degree in a specific specialty." Denial, 7.  This basis for USCIS's denial is unmoored from Curriculum Associates' submission and the applicable regulation.  Curriculum Associates does not have the burden of explaining the difference between its Senior Quality Assurance Engineer position—which Curriculum Associates stated, under the pains and penalties of perjury, requires a bachelor's degree in a specific specialty or its equivalent—and some other Senior Quality Assurance Engineer position at an unnamed/unknown company, which may not have the same minimum requirement. USCIS's reference to an unknown position at an unnamed company as a justification for rejecting the Petition was arbitrary and capricious.

59.     USCIS's denial is also flawed because it ignored the opinion of Professor Bellehsen, who reviewed the specific job duties of the Curriculum Associates' Senior Quality Assurance Engineer position and determined that the specified duties were so specialized and

19

complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent.

## CAUSE OF ACTION

60.     The decision of the USCIS on Curriculum Associates' Petition for an H-1B nonimmigrant work visa must be based upon the statutory and regulatory definitions of "specialty occupation." The statute defines specialty occupation as follows:

> [A]n occupation that requires—(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

*See* 8 U.S.C. § 1184(i)(1).

61.     The applicable regulation further defines the nature of proof required of a petitioner that the position offered has met the requirements of a specialty occupation. The regulation provides:

A. Standards for special occupation position. To qualify as a specialty occupation, the position must meet one of the following criteria:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by and individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

20

*See* 8 C.F.R. § 214.2(h)(4)(iii).

62.    Curriculum Associates has met its burden of proof to demonstrate that the position of Senior Quality Assurance Engineer, as set forth in the Petition and supporting evidence, properly filed with the USCIS, is a specialty occupation.  USCIS's review of that petition ignored evidence in the record that supports the approval of the petition in favor of reliance upon evidence that does not exist in the record (or even outside the record).  USCIS's decision was arbitrary, capricious, and not according to the law as set forth above.

## PRAYER

WHEREFORE, in view of the arguments and authority herein, Curriculum Associates respectfully prays that this Court vacate the decision of the USCIS, dated August 30, 2019, denying Curriculum Associates' petition to classify Ms. Kambhampati as an H-1B nonimmigrant under section 101(1)(15)(H)(i)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(b), on the grounds that the denial is arbitrary, capricious, and not in accordance with the law; order USCIS to grant the Petition; and grant such other relief at law and in equity as justice may require.

Dated: March 6, 2020

Respectfully submitted on behalf of,

**CURRICULUM ASSOCIATES, LLC**

By its attorney,

/s/ Alec J. Zadek
Alec J. Zadek, BBO# 672398
azadek@mintz.com
MINTZ LEVIN COHN FERRIS
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-4434

22